# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JAHMEZ L. CONNALLY,

    Petitioner,

    v.

WARDEN, TIM BUCHANAN,

    Respondent.

Case No. 2:17-cv-729
Judge Michael H. Watson
Magistrate Judge Vascura

## OPINION AND ORDER

On April 16, 2018, the Magistrate Judge issued a Report and Recommendation recommending that this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 11. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 12.

Petitioner challenges his underlying convictions after a jury trial in the Franklin County Court of Common Pleas on charges of aggravated burglary, aggravated robbery, robbery, and kidnapping with firearm specifications. Petitioner asserts that he was denied the effective assistance of appellate counsel, because his attorney failed to consult with him and failed to raise on appeal issues demonstrating Petitioner's actual innocence. The Magistrate Judge recommended dismissal of this claim as without merit and procedurally defaulted.

Petitioner objects to that recommendation. Petitioner again argues that evidence establishes that he is actually innocent of the charges against him; that

he was convicted on the basis of unreliable testimony and witness identifications; and that his brother has admitted his guilt to the charges.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons already detailed in the Magistrate Judge's Report and Recommendation, Petitioner's arguments are not persuasive.

As the Magistrate Judge explained, he has failed to establish the denial of the effective assistance of appellate counsel, and his claim that his attorney failed to consult is waived.

Moreover, Petitioner has failed to establish his actual innocence. *See Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2004). In any event, a free-standing claim of actual innocence does not provide Petitioner a basis for relief. *See Muntaser v. Bradshaw*, 429 F. App'x 515, 521 (6th Cir. 2011). Petitioner's Objection, ECF No. 12, therefore is **OVERRULED**. The Report and Recommendation, ECF No. 11, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c).

When a claim has been denied on the merits, a certificate of appealability may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted and without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**